### In re HOEST ESTATE.

County Judge's Court, Palm Beach County.

April 29, 1953.

Hal H. McCaghren, West Palm Beach, for petitioner.

Edward W. Starr, West Palm Beach, for respondent.

RICHARD P. ROBBINS, County Judge.

This cause came on before me on the petition of Herbert Leonard Hoest, surviving husband of Constance Teckla Hoest, also known as Constance Danielsen, for an order revoking the order of this court dated March 13, 1953, admitting to probate the last will and testament of Constance Danielsen dated November 20, 1952, on the ground that the testatrix was a bona fide resident of Dade County at the time of her death and that prior to the probate of the will he had applied for and was issued letters of administration upon her estate by the county judge of Dade County.

Petitioner contends that since he is a resident of Dade County, consequently the decedent, who was his wife, was likewise a resident of that county—while the respondent, Sherrell Joseph Herst, who is named as the executor of the will, contends that although the decedent was a married woman she legally could and actually did aquire a separate domicile for the purpose of probating her will.

There has been presented and filed in this court a certified copy of the letters of administration issued to petitioner by the county judge's court of Dade County dated January 14, 1953. This order granting letters constitutes an adjudication of jurisdictional facts, including the question of domicile necessary to the exercise of that court's jurisdiction over the estate of the deceased, and since that court has adjudicated and determined its jurisdiction, such adjudication cannot be collaterally attacked by the subsequent entry of an order of probate and the issuing of letters testamentary by the county judge's court of another county.

The question of the residence of the decedent should be determined by the court first assuming jurisdiction of the administra-

tion of the estate—in a direct attack upon that court's jurisdiction. See State ex rel. Campbell v. Chapman, County Judge (Fla.), 1 So. 2d 278.

For the reasons stated the petition is granted and the order of probate entered herein on March 13, 1953 and the letters testamentary issued to Sherrell Joseph Herst on March 16, 1953, are hereby revoked and set aside.

It is further ordered that the original will of Constance Danielsen be transmitted by the clerk of this court to the clerk of the county judge's court of Dade County for such disposition as to the judges of that court may seem proper.